RUMFOLA v. CIVILETTO

(May 27, 1929. Opinion and Decree.)

Louis L. Rosen, of New Orleans, attorney for plaintiff, appellant.

Emile Pomes and Charles J. McCabe, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. Plaintiff sues for $916.97, which he alleges he expended for repairs and improvements on real estate of which he believed himself to be owner, but of which his step-father, the defendant, was judicially determined to be the owner, and from which he, plaintiff, was ejected.

Plaintiff alleges that one Emile Dufant had bid in the property in question at a judicial partition sale and that he, plaintiff, purchased from Dufant his rights in and to the said adjudication.

He alleges that this purchase was made with funds furnished him by defendant, Civiletto, under an agreement that the property was to be placed in Civiletto's name in order to secure the return to Civiletto of the amount advanced; that with the knowledge and consent of Civiletto, he, plaintiff, expended $2,416.97 in making the purchase and the alterations and repairs in question, and that, of this sum, $1,500 was paid to him by Civiletto, leaving a balance due him at this time of $916.97. Civiletto refuses to pay this sum, claiming that no expenditures over and above the $1,500 deposited by him were ever authorized, and that, if any alterations and repairs were made, they were made by plaintiff in his capacity as tenant.

Defendant reconvenes for $700, claiming $50 per month rent for fourteen months. The trial court, after hearing all of the evidence, dismissed plaintiff's suit and also dismissed the reconventional demand.

We will first discuss the reconventional demand. The evidence leaves us well convinced that plaintiff understood that he was to pay rent for the property. He and his brother, shortly after the occupancy by plaintiff commenced, discussed the rent, and several demands for the payment of rent were made during his occupancy. Furthermore, it seems incred-

ible that he should be allowed to occupy the premises rent-free and at the same time collect rent from a sub-tenant for a portion of the property. We therefore believe that it was understood that he was to pay $50 per month rent. It appears that he occupied the premises for fourteen months, so there is due on the reconventional demand $700.

As to plaintiff's contention that he is entitled to a refund of the amounts expended for the benefit of defendant, it seems quite plain that the defendant had knowledge of the fact and must have realized that plaintiff was spending considerably more money than he, defendant, had turned over to him. He knew that a bathroom was being installed and that many other extensive alterations and repairs were being undertaken. He must, then, be held to have tacitly authorized the expenditures made by plaintiff. Whether the full amount claimed was actually expended is doubtful. Several of the items seem rather questionable, but a careful reading of all the evidence leaves us convinced that at least $700 actually went into the property. These were repairs and alterations which the tenant deemed necessary and which were either indispensable, or were tacitly agreed to by defendant. They would therefore come within the category of repairs referred to in art. 2694 R. C. C., which reads as follows:

"If the lessor do not make the necessary repairs in the manner required in the preceding article, the lessee may call on him to make them. If he refuse or neglect to make them, the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable."

Therefore they were chargeable to defendant to the extent of the rent due.

We do not believe, however, that plaintiff, as tenant, was authorized to undertake repairs which would cost more than the rent due, or to become due, and therefore, for such amount as the repairs might have exceeded the rent it must be held that the tenant himself must stand the expense.

The evidence, as we have said, is most conflicting, and it is very difficult to arrive at an exact determination as to just what items are due and what are not due. We therefore believe that the ends of justice would be best served by affirming the decision of the trial court, which dismissed plaintiff's petition and also dismissed the reconventional demand.

As to the costs, it would appear proper that each party should stand his own.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed.